FILED
May 21, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002650015

**3**

Joey (Joan) DeLeon, Esq. (SBN 150974)
Robert J. Jackson & Associates, Inc.
4199 Campus Drive, Suite 700
Irvine, California 92612-2698
(949) 854-2244

Attorney for Movant

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA-SACRAMENTO DIVISION

| | |
|---|---|
| RENATO DACQUEL<br><br>                  Debtor(s)<br>_____<br>DEUTSCHE BANK NATIONAL TRUST COMPANY<br><br>                  Movant,<br>vs.<br><br>RENATO DACQUEL, Debtor, and LAWRENCE J. LOHEIT, Trustee,<br><br>                  Respondents.<br>_____ | Chapter: 13<br><br>Case No.: SCTO-10-26481-RS<br><br>Docket Control No. JDL-001<br><br>MOTION FOR RELIEF FROM AUTOMATIC STAY (UNLAWFUL DETAINER)<br><br>DATE: JUNE 8TH, 2010<br>TIME: 1:00 PM<br>CTRM: 33<br>ADDR: 501 I Street, Room 7-500, Sacramento, CA<br>JUDGE: RONALD H. SARGIS |

DEUTSCHE BANK NATIONAL TRUST COMPANY ("Movant") requests an order of the court granting relief from the stay under 11 U.S.C. §362(a). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334. This motion is brought for cause under §362(d)(1).

Movant is the legal owner of real property commonly known as 250 NEW BEDFORD DR, VALLEJO, CA 94591 (the "Property"). Movant (or its predecessor in interest) acquired title to the Property at a foreclosure sale held on 02/16/2010, and perfected title to the Property in accordance with California law (a true and correct copy of the recorded Trustee's Deed Upon Sale is attached as **Exhibit "A"**). A Notice to Vacate was posted on the Property on 03/08/2010, and the notice periods

under applicable law expired thereunder (a true and correct copy of the Notice to Vacate and proof of service is attached as **Exhibit "B"** hereto). A Complaint for Unlawful Detainer was filed in state court on 03/19/2010 without knowledge of this bankruptcy case (a true and correct copy of the Complaint is attached as **Exhibit "C"** hereto). The Debtor filed the within Bankruptcy case on 03/16/2010. Movant seeks relief from stay to finalize its Unlawful Detainer proceedings and to obtain possession of the Property.

## I.
## CAUSE EXISTS FOR RELIEF FROM STAY

Pursuant to 11 U.S.C. §362(c), the automatic stay applies only to property of the Estate, which is defined by 11 U.S.C. §541(a)(1) as ". . . all legal or equitable interests of the debtor in property <u>as of the commencement of the case</u>" (emphasis added). The Property was sold at a foreclosure sale held on 02/16/2010, a Notice to Vacate as posted on the Property on 03/08/2010, and the notice periods under applicable law expired, all <u>prior</u> to the filing of this Bankruptcy case. Accordingly, the Debtor's legal and equitable rights to occupy the Property had already been terminated **as of the Petition date**, the Property does not constitute a portion of Debtor's Bankruptcy Estate, and no Stay is applicable with respect thereto.

## II.
## CAUSE EXISTS FOR ANNULMENT OF THE STAY

Movant did not learn of the filing of this Bankruptcy case until after the filing of the complaint. The word 'anulling' in §362(d) permits the Court to issue an order that operates retroactively to validate actions taken by a creditor without knowledge of the stay that would otherwise be void. <u>In re Schwartz</u>, 954 F.2d 569, 573 (CA 9th Cir. 1992). Movant requests that the Court annul the stay retroactive to the Petition filing date.

WHEREFORE, Movant requests an order of the Court as follows:

1. For relief from the automatic stay imposed by 11 U.S.C. §362(a) with respect to

the real property at 250 NEW BEDFORD DR, VALLEJO, CA 94591.

2. That Movant may proceed with all available State law remedies to recover possession of the Property, including without limitation the commencement and/or continuation of unlawful detainer proceedings, and the disposal of any personal property remaining in the Property in accordance with California law, and the Sheriff is authorized to evict the Debtor and all other occupants from the Property, without further notice, hearing, or court order.

3. That the waiting period under Bankruptcy Rule 4001(a)(3) is waived.

4. That the Order be binding in any pending and subsequent Bankruptcy cases filed by Debtor(s), or either of them, and any other occupant of the Property, irrespective of the Chapter and/or any conversion thereof.

5. That the stay be annulled retroactive to the Petition filing date, and all post-petition unlawful detainer actions taken with respect to the Property are ratified.

DATED: May 21st, 2010      ROBERT J. JACKSON & ASSOCIATES, INC.

By: ___*/s/ Joey DeLeon*___.
Joey DeLeon, Esq.
Attorney for Movant